Lindsay C. **DEPEW**, William G. Osborne, and Dominick Caldarelli, Plaintiffs,

v.

Spurgeon E. **EDMISTON**, as President, Chester A. Roller, as Secretary, and Purdy E. Garman, as Treasurer, of Keystone Lodge No. 42, Brotherhood of Railroad Trainmen, and Keystone Lodge No. 42, Brotherhood of Railroad Trainmen, Defendants.

Civ. A. No. 9705.

United States District Court
M. D. Pennsylvania.
Jan. 6, 1967.

Joseph A. Klein, G. Thomas Miller, Harrisburg, Pa., for plaintiffs.

Stanley Katz, Lebanon, Pa., Cornelius C. O'Brien, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM

FOLLMER, District Judge.

The plaintiffs, three members of Keystone Lodge No. 42, Brotherhood of Railroad Trainmen, filed a Complaint in this Court, against the union, its president, its secretary and its treasurer, alleging that certain actions resulting in the omission of plaintiff Dominick Caldarelli's name from the ballot for officers, violated the union's constitution and thus violated the Labor-Management Reporting and Disclosure Act of 1959[1] in that they infringed rights guaranteed to each member of defendant, and to each plaintiff, by 29 U.S.C. § 411(a) (1). It is alleged that jurisdiction is conferred upon this Court by 29 U.S.C. § 412.

The Complaint further alleges that a meeting for nominating officers of Keystone Lodge No. 42 for 1966 was held on September 27, 1966. Plaintiffs Depew and Osborne, along with others, signed the nomination petition of plaintiff Caldarelli. On or about October 25, 1966, a letter was sent by Charles Luna, President of the Grand Lodge, Brotherhood of Railroad Trainmen, "advising that Dominick Caldarelli would not be eligible to be a candidate in the election for Vice-Chairman of the Grievance Committee, Philadelphia Division, or Treasurer-Collector or any other office in Keystone Lodge No. 42 and, furthermore, that he would be required to transfer his membership to another subordinate lodge." (Complaint, ¶10). Subsequently, Caldarelli's membership records were transferred from defendant union to Blue Mountain Lodge No. 694. On or about November 7, 1966, ballots were sent to plaintiffs and other members of defendant union to be returned for tallying on November 22, 1966, and plaintiff Caldarelli's name was omitted from the ballot. On November 14, 1966, the plaintiffs filed their Complaint requesting that the election be enjoined. By Order dated November 16, 1966, the defendants were directed to show cause why the election should not be enjoined. Defendants have filed an Answer and a Motion to Dismiss the Complaint on the following grounds: (1) The Complaint fails to state a claim upon which relief can be granted, (2) the Court lacks jurisdiction over the subject matter, and (3) the plaintiffs failed to exhaust the internal remedies available to them under the constitution of the union. A hearing was held on November 21, 1966, at which time testimony was taken. By Order dated November 21, 1966, the ballots were impounded and placed in the custody of the United States Marshal pending adjudication of the issues raised herein.

The first question which will be considered is whether the Complaint showed a violation of rights guaranteed under 29 U.S.C. § 411(a) (1) such as to give this Court jurisdiction under 29 U.S.C. § 412. Defendants contend that the alleged conduct of the union, even if true, fails to show a denial of the equal rights of all members of the union to vote for or

[1]. 29 U.S.C. § 401 et seq.

nominate candidates as guaranteed by 29 U.S.C. § 411(a) (1), but shows at the most an imposition of qualifications of eligibility for nomination that might violate 29 U.S.C. § 481(e) and that the exclusive remedy [2] for the violation of these rights has not been complied with.

The landmark case in this area is Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964). The controversy there also concerned whether there had been a violation of 29 U.S.C. § 411(a) (1) or 29 U.S.C. § 481(e). In Calhoon, three union members filed a complaint claiming they were deprived of their "equal rights" under 29 U.S.C. § 411(a) (1) because of certain eligibility restrictions contained in the union by-laws and the national constitution of the union. The Supreme Court held that eligibility requirements are governed by 29 U.S.C. § 481(e) and that the exclusive remedy was under that statute, upholding the District Court's dismissal for lack of jurisdiction.

In reaching its decision in Calhoon, the Supreme Court stated that as to 29 U.S.C. § 411(a) (1): "Plainly, this is no more than a command that members and classes of members shall not be discriminated against in their right to nominate and vote. And Congress carefully prescribed that even this right against discrimination is 'subject to reasonable rules and regulations' by the union." Calhoon v. Harvey, supra, 379 U.S. at 139, 85 S. Ct. at 295.

The plaintiffs here contend that this is not an action in which Caldarelli claims that defendant denied him the right to be a candidate for office, but rather that the rights of the three plaintiffs to nominate and vote for a candidate of their choice has been infringed by the defendants. Thus they claim jurisdiction is found under 29 U.S.C. §§ 411(a) (1), 412.

This argument is deceptively simple. It could be used any time that union members contest the eligibility requirements of a union, which requirements

have kept them off the ballot. In fact, this very argument could have been advanced in Calhoon v. Harvey, supra.

It is not contested that a union may promulgate certain rules and regulations governing the eligibility of candidates for office. Here, the union decided that Caldarelli was not eligible for membership in Keystone Lodge No. 42, but would be required to hold membership in Lodge 694. Thus he was declared not to be eligible to be a candidate for office in Lodge 42, and his name was not placed on the ballot.

The gravamen of the Complaint does not concern the equal rights of union members to vote and nominate in elections, but concerns the eligibility of Caldarelli to be a candidate for office in Lodge 42. The plaintiffs have not been deprived of their right to nominate and vote for eligible candidates. They are contesting the fact that Caldarelli was declared ineligible. There is no indication that the same qualifications were not required equally of all candidates.

Disputes, such as this one, basically relating to the eligibility of a candidate for office fall squarely within the provisions of 29 U.S.C. §§ 481(e), 482 and are to be resolved by the administrative and judicial procedures outlined therein. Calhoon v. Harvey, supra, 379 U.S. at 141, 85 S.Ct. 292. The plaintiffs contend that Osborne and Depew have been deprived of their right to nominate and vote for the candidate of their choice. The problem is that the candidate they nominated (Caldarelli) and wanted to vote for was declared ineligible for office. The basis of the Complaint is Caldarelli's eligibility for office. Any complaints related thereto should be brought under 29 U.S.C. § 482.

Accordingly, this Court does not have jurisdiction over the subject matter and the defendants' Motion to Dismiss will be granted. In light of this the other grounds raised by the defendants need not be discussed.

2. 29 U.S.C. §§ 482(a), 483.